UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAKIRA PRINCE                              JURY TRIAL DEMANDED

v.                                          CASE NO.  3:12CV

PINNACLE CREDIT SERVICES, L.L.C.
COMMERCIAL RECOVERY SYSTEMS, INC.

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § l692; the Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder.

2. JURISDICTION: The Court has jurisdiction. l5 U.S.C. § 1692k and 28 U.S.C. §133l and § 1367.

3. VENUE: Plaintiff is a natural person who resides in Bridgeport CT.

4. Plaintiff is a consumer within the FDCPA.

5. Each Defendant is a debt collector within the FDCPA, in that they collect consumer debt directly or indirectly using mail, telephone, and email.

6. Defendant Pinnacle is a debt buyer who claims that it purchased plaintiff's personal Chase credit card account.

7. The last payment on plaintiff's Chase credit card account was in 2004.

8. The statute of limitations expired on the Chase credit card account no later than 2010.

9. Acting on behalf of Pinnacle, Commercial sought to collect the account by threatening judgment and credit reporting.

10. In a letter dated December 4, 2012, copied to Pinnacle, Commercial stated that "upon payment all derogatory credit information regarding this account will reflect the account to be settled. Please allow ninety (90) days for credit information to be updated."

11. As of December, 2012, plaintiff's personal Chase credit card account was too old to be on her credit report pursuant to the Fair Credit Reporting Act.

12. Within five days of its initial communication, Commercial did not provide the notices required by 15 U.S.C. § 1692g.

13. Defendants violated 15 U.S.C. §  1692e, §1692f(1), and §1692g.

14. Each Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages under each of the FDCPA or CCPA for each communication against each defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

    THE PLAINTIFF

    BY____/s/ Joanne S. Faulkner___
        JOANNE S. FAULKNER ct04137
        123 Avon Street
        New Haven, CT 06511-2422
        (203) 772-0395
        faulknerlawoffice@snet.net